**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 19-4052

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN LE-GUY DAYE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00031-WO-1)

Submitted:  July 18, 2019                    Decided:  July 22, 2019

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.  Whitney N. Shaffer, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Le-Guy Daye pleaded guilty to possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g), 924(a)(2) (2012). The district court sentenced him to 57 months' imprisonment. Counsel has filed an *Anders v. California*, 386 U.S. 738 (1967) brief, finding no meritorious issues, but questioning whether the court complied with Fed. R. Crim. P. 11 and whether Daye's guilty plea was knowing and voluntary. Daye was informed of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a brief. Finding no error, we affirm.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2)-(3); *DeFusco*, 949 F.2d at 119-20.

Because Daye did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "To prevail on a claim of plain error, [Daye] must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id.* at 816. In the guilty plea context, a defendant establishes that an error affected his substantial rights if he demonstrates a

2

reasonable probability that he would not have pleaded guilty but for the error. *Id.* The record reveals that the district court conducted a sufficient plea colloquy with Daye. Accordingly, we conclude that the district court did not plainly err in accepting Daye's guilty plea.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Daye's conviction and sentence. This court requires that counsel inform Daye, in writing, of the right to petition the Supreme Court of the United States for further review. If Daye requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Daye.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*